UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM MAKOL,<br>    Plaintiff,<br>v.<br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br>    Defendant. | Case No. 18-cv-03414 NC<br><br>**ORDER TO SHOW CAUSE AS TO WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION** |

This case is a breach of warranty case originally filed in Santa Clara County Superior Court and removed to this federal court by the defendant Jaguar Land Rover North America, LLC. ECF 1. The complaint alleges that plaintiff Vikram Makol leased a 2017 Jaguar XF automobile from the defendant manufacturer in October 2017. Plaintiff alleges the vehicle was defective. Total payments due under the lease were $23,599.29, with monthly lease payments due at $715.13. Compl. ¶ 6 and Ex. C to Removal Notice, ECF 1-1 at 23. Plaintiff demands (1) return of the lease price and all incidental and consequential damages incurred by plaintiff; (2) return of finance charges incurred by plaintiff; (3) a civil penalty under California Civil Code § 1794(c); (4) reasonable attorneys' fees and costs, witness fees, and all court costs and other costs; (5) return of all monies paid or damages pursuant to California Commercial Code § 2714, and all incidental and consequential damages; and (6) "Such other Relief that the Court deems just and appropriate." Compl. , ECF 1-1 at 8-9.

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Removal is generally based on the existence of either federal question jurisdiction or

Case No. 18-cv-03414 NC

1 diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under
2 the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity
3 jurisdiction exists where the amount in controversy exceeds $75,000 and the case is
4 between citizens of different states, or citizens of a state and citizens or subjects of a
5 foreign state. 28 U.S.C. § 1332(a). A defendant seeking removal must file in the
6 appropriate United States district court a notice of removal "containing a short and plain
7 statement of the grounds for removal, together with a copy of all process, pleadings, and
8 orders" thus far served upon the defendant in the action. 28 U.S.C. § 1446.

If at any time after removal it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper, by at least a preponderance of the evidence. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 566. Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Here, defendant Jaguar Land Rover North America, LLC is ordered to show cause why the case should not be remanded back to state court. The Court has two concerns that must be addressed in writing by Jaguar by June 22. First, Jaguar must show that diversity of citizenship is satisfied. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires that the action is between "citizens of different States." A Limited Liability Company, such as Jaguar, is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, a defendant LLC removing to federal court must set forth in its removal notice the citizenship of the owners/members of the LLC. *See Mann v. Garden of Life, LLC*, Case

Case No. 18-cv-03414 NC 2

No. 18-cv-02134 BLF, 2018 WL 2430902, at *1 (N.D. Cal. May 30, 2018), citing *Johnson*. Here, Jaguar's removal notice does not identify the citizenship of its owners/members. The Court thus cannot discern that diversity is satisfied. Jaguar must remedy this problem.

Second, Jaguar must show that the amount in controversy requirement is met. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *Bernstein v. BMW of N. Am., LLC*, No. 18-cv-01801 JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, the case should be remanded to state court. *Matheson*, 319 F.3d at 1090 (footnote omitted).

Here, it is not facially evident from the complaint that more than $75,000 is in controversy. As a starting point, the complaint demands return of the "lease price" and the total payments due under the lease were $23,599.29. ECF 1. Jaguar asserts that the "value" of the vehicle was $41,400.00, ECF 1 at 4, but this is not a value that the complaint places in controversy. Jaguar therefore must explain how the amount in controversy exceeds $75,000.

Furthermore, Jaguar is cautioned that an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). At present, the Court is not aware whether costs and expenses have been incurred as a result of the removal.

Finally, all parties must select whether they consent or decline the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). They are asked to file a notice making this determination by June 22.

At bottom, Jaguar must show why this case belongs in federal court. If it does not

Case No. 18-cv-03414 NC 3

do so by June 22, the case will be remanded to state court and costs and fees may be awarded.

**IT IS SO ORDERED.**

Dated: June 8, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge