UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VIKRAM MAKOL,<br><br>       Plaintiff,<br><br>   v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>       Defendant. | Case No. 18-cv-03414-NC<br><br>**ORDER REMANDING CASE**<br><br>Re: ECF 8, 10 |

In this state law breach of warranty action, plaintiff Vikram Makol seeks redress for leasing an allegedly defective 2017 Jaguar XF from defendant Jaguar Land Rover North America LLC. Originally filed in Santa Clara County Superior Court, the complaint alleges breach of express warranty and breach of implied warranty under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790–1795.8. Jaguar removed the action to federal court under 28 U.S.C. § 1441(b) asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332. *See* ECF 1 at 1. All parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). *See* ECF 12, 14.

On June 8, 2018, the Court issued an order requiring Jaguar to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. ECF 8. The Court identified two concerns. First, given that a limited liability company like Jaguar is a citizen of every state of which its owners or members are citizens, the Court required Jaguar to identify its owners and members and show that all of them are diverse with

Makol. Second, the Court required Jaguar to show that over $75,000 is in controversy. Jaguar responded to the Court's order on June 22. ECF 10. Having considered Jaguar's response, the Court FINDS subject matter jurisdiction is lacking because Jaguar has not established by a preponderance of the evidence that the amount in controversy is over $75,000. This action is therefore REMANDED to Santa Clara County Superior Court.

## I. Legal Standard

As stated in the order to show cause, a defendant sued in state court may remove the action to federal court only if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). If at any time after removal it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper, by at least a preponderance of the evidence. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 566. Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

## II. Analysis

### A. Diversity of Citizenship

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires that the action be between "citizens of different States." A limited liability company like Jaguar is a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In its response to the order to show cause, Jaguar explains that its sole member is Jaguar Land Rover Limited, which is a citizen of the United Kingdom. ECF 10 at 2 (citing ECF 11 (Schmidt Declaration ¶ 3)). In the complaint, Makol alleges that he is a resident of

California. Accordingly, the Court is satisfied that Jaguar and Makol are completely diverse as required by 28 U.S.C. § 1332.

## B.    Amount in Controversy

Unlike diversity of citizenship, the amount in controversy here is not so clear cut. Where the amount of damages sought by a plaintiff is unclear, the removing defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Per the complaint, Makol seeks: (1) return of the vehicle's lease price and all incidental and consequential damages Makol incurred; (2) return of finance charges Makol incurred; (3) a civil penalty under California Civil Code § 1794(c); (4) reasonable attorneys' fees and costs, witness fees, and all court costs and other costs; (5) return of all monies paid or damages pursuant to California Commercial Code § 2714, and all incidental and consequential damages; and (6) "[s]uch other [r]elief that the Court deems just and appropriate." ECF 1-1 at 8–9 (Compl. ¶¶ 24, 32). The complaint's cover sheet indicates that the "[a]mount demanded exceeds $25,000," ECF 1-1 at 11, though the only concrete figure alleged in the complaint is that the amount due under the lease is $23,599.29. *Id.* ¶ 6.

In its response to the order to show cause, Jaguar discusses the following figures: (1) the vehicle's value of $41,400; (2) the total amount payable under the lease of $27,579.16; (3) the amount due under the lease of $23,599.29; (3) the civil penalty under California Civil Code § 1794(c) allowing two times the plaintiff's actual damages; and (4) attorney's fees of "over $60,000." ECF 10 at 2–4. Based on these figures, Jaguar multiplies the total lease payments of $27,579.16 by two under the civil penalty provision to get $55,158.32, and adds $60,000 in attorneys' fees to total $115,158.32. *Id.* at 4. Alternatively, Jaguar does the same set of calculations using the amount due under the lease of $23,599.29 to total $107,198.58 with the civil penalty and attorneys' fees. *Id.*

Thus, regardless of whether Jaguar uses the lease's total value or simply the amount due on the lease, its argument is based on doubling Makol's actual damages under

California Civil Code § 1794(c) and tacking on an attorneys' fees award of $60,000. The Court finds that this method of estimating the amount in controversy is not supported by a preponderance of the evidence. The Court discusses the civil penalty first and then attorneys' fees.

### 1. Civil Penalties Cannot Be Assumed.

First, the civil penalty under California Civil Code § 1794(c) cannot simply be assumed. Jaguar is correct that courts frequently treat this penalty as a form of punitive damages that is appropriately included in an amount-in-controversy calculation. *See Brady v. Mercedes-Benz USA*, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). However, Jaguar has made no showing that such a civil penalty is more likely than not to be awarded here. In *Zawaideh v. BMW of North America*, the court considered jurisdiction over a claim analogous to the one here and found that the amount in controversy had not been adequately proved. No. 17-cv-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018). Evaluating the civil penalty provision at issue here, the court reasoned that instead of simply assuming a penalty will be awarded, "the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (collecting cases). Where the defendant failed to identify allegations justifying such an award and failed to submit evidence of civil penalties awarded in analogous cases, the court found the defendant failed to establish that the amount in controversy should include the civil penalty. *Id.* at *3.

The Court reaches the same conclusion here. Simply assuming a civil penalty award is inconsistent with the principle that the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" requirement is satisfied. *Sanchez*, 102 F.3d at 404. Absent any specific argument or evidence for its inclusion, the Court will exclude the civil penalty under California Civil Code § 1794(c) from its amount-in-controversy calculation.

### 2. Jaguar's Attorneys' Fee Estimate Is Unfounded.

Second, Jaguar's projection of $60,000 in attorneys' fees fails to hold water. In support of this figure, Jaguar cites to the court's observation in *Brady* that "several" "similar lemon law cases" included fee awards "over $60,000." 243 F. Supp. 2d at 1011. It is true that attorneys' fees may be included in the amount in controversy if, as here, they are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). However, "[t]here is a dispute among the district courts in the Ninth Circuit regarding whether to include attorney's fees incurred after the date of removal." *Zawaideh*, 2018 WL 1805103, at *3 (citing *Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-cv-1788-LAB-JMA, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) (declining to include post-removal fees); *see Brady*, 243 F. Supp. 2d at 1011 (including post-removal fees).

The Court is disinclined to join the line of cases permitting speculative future attorneys' fees to create federal subject matter jurisdiction. But even if post-removal fees were included, the Court is unpersuaded that Jaguar has adequately established its anticipated fees here. The sole piece of evidence is its own declaration speculating that, "[b]ased on experience in handling Song-Beverly cases, counsel for Plaintiffs in similar cases will seek attorneys' fees in excess of $60,000 if this case goes to trial." ECF 11 (Schmidt Decl. ¶ 5). Jaguar does not attach any further supporting evidence—for example, evidence of typical hourly rates in breach of warranty cases, or billing records from the Song-Beverly cases defense counsel has previously handled. Nor does Jaguar attempt to estimate anticipated fees in the more likely event this case does not go to trial. Thus, between the legal question mark over post-removal fees and the dearth of specific supporting evidence, the Court finds that Jaguar fails its burden of establishing by a preponderance of the evidence that $60,000 in attorneys' fees are in controversy.

### III. Conclusion

Without the California Civil Code § 1794(c) civil penalty's doubling effect, and without the projected $60,000 in attorneys' fees, the amount in controversy falls far below

$75,000.  The only concrete figure the face of the complaint places in controversy is the amount due under the lease: $23,599.29.  Compl. ¶ 6.  Thus, the diversity jurisdiction requirements under 28 U.S.C. § 1332 are not satisfied, and this Court is devoid of subject matter jurisdiction over this action.  The case is therefore REMANDED to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated:  June 28, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge